Wright, J.,
delivered tbe opinion of the Court.
In the year 1849, Martha Wright sued Ridley Roberts and complainant, Jared H. Graham, as the administrator of John Graham, deceased, in the Circuit Court of Jackson county, Tennessee, in covenant. The writ was issued the 5th of July, 1849, and the 'original placed in the hands of the sheriff of Jackson county, and by him returned, on the same day, executed. A counterpart was issued and placed in the hands of the sheriff of Marion county, where, it seems, complainant lived, and was, by him, returned executed on complainant, on the 20th of July, of the same year. The complainant was described in the writ as, “ Garret H. Graham, administrator of John Graham, deceased ” — his true name being Jared H. Graham.
When the sheriff of Marion county received the writ — believing complainant to be the person intended, and not knowing of any other Graham, who could answer to the description of administrator of John Graham— he executed it upon him, and returned the fact that he had executed it upon “Jared H. Graham. When he showed the writ to complainant, at the time he served it, he remarked, “ he knew no such man as Garret H. Graham;” and the sheriff responded that he knew no such man himself, and that if the addition of administrator had not been to the writ, he would not have .supposed complainant to be the person meant.
*58 Before they separated, complainant inquired of the sheriff what he was going to do about it, and he replied, that he should return it, with the facts upon it, but did not tell him he should return it executed upon him, Jared H. Graham.
At the return term of the Circuit Court, in November, the complainant and Roberts having failed to plead, judgment, by default, was taken against them, and a writ of enquiry of damages awarded to the next March Term of the Court,. when a judgment final was taken; and this judgment, on appeal, was affirmed in the Supreme Court — at least a judgment was there had for $625.25, and costs; and complainant has, since, by a subsequent proceeding, been rendered personally liable for said judgment, at the suit of Martha Wright.
The object of the present bill is to enjoin these judgments, upon the ground that complainant was never served with process, and of newly-discovered evidence.
The Chancellor gave a decree dismissing the bill, and, we think, very properly.
The complainant .is not entitled to relief upon several grounds. In the first place, the defendant, in her answer, asserts that she was informed, and believed, that complainant was present in Court when the judgment by default was taken, and failed to make defence by the advice of his counsel. This view of the case is strongly supported by the testimony of II. J. Graham and Wesley T. Burnett — two of complainant’s witnesses— who prove that he left home and went to Jackson county, Tennessee, in October, 1849. The Court sat the 1st Monday in November, and he is shown to have lived about 110 miles from that county. And we can *59 hardly imagine why he should have gone there at that time, under the circumstances, unless it were to look after the defence of the suit.
But if this were not so, the bill and the record shows that complainant became fully acquainted with the pendency of the suit and the judgment by default, before the next term of the Court, and before final judgment, and actually appeared and defended the case, "upon the trial at the execution of the writ of enquiry — ■ submitted evidence to the jury — made various motions in the case — filed a bill of exceptions, and appealed; but yet he failed to have the judgment by default set aside, or to make any proper attempt to do so. This, he should have done, if, in fact, the writ had not been executed upon him. And we cannot doubt, if he had shown this fact, he would have met with instant relief, at the hands of the Circuit Court — or that failing there, upon a proper case, the Supreme Court would have reinstated the cause. That the Circuit Court had this power, was decided by this Court, in The Bank of Tennessee v. Spillern and Merriwether, 2 Sneed, 698.
Complainant had a perfect remedy in the Circuit Court, of- which he was not deprived by fraud, or accident, or the act of the opposite party, and equity cannot relieve him. 7 Hum., 39.
But if this were not so, and conceding that he was not served with process by the sheriff of Jackson county, yet the service upon him by the sheriff of Marion, was, in all respects, valid, and he was guilty of gross negligence in not, at once, making his defence, if he had any. This case cannot be sustained by Rice v. R. R. *60 Bank, 7 Hum., 39, and Ridgeway v. The Bank of Tennessee, 11 Hum., 523. The eases are wholly unlike.
The claim to relief upon the ground of newly-discovered evidence, has nothing in it, because the fact relied on was well known to Ridley Roberts — complainant’s principal in the covenant — and it was gross negligence in him not to have known it. Besides, the fact could do complainant no good as a defence. The sale of the slave by Roberts was, of itself, a breach of the covenant, and the merits of the case are with the defendant.
We affirm the Chancellor’s decree.